## BEBOUT vs. SIMMONDS.

Plea, to be good, must contain a defence. Must answer the whole count.

TRESPASS, FOR AN ASSAULT, BATTERY AND WOUNDING.

THE defendant put in the following plea in bar, viz. "And the said J. S. for further plea, the leave of this court being first had and obtained, and under the statute in such case made and provided, and protesting as to the wounding in the said declaration

mentioned, saith, that the said P. B. ought not to have and maintain his aforesaid action against him, because he says that long before and at the time when the supposed trespass and assault and battery should have been committed, as in the declaration of the said P. B. mentioned, he the said J. S. was possessed of a certain dwelling house with the appurtenances, which he then occupied as an inn for the accommodation of travellers and others, situate in the town of N. S. in, &c. ; and being so possessed, and occupying the said dwelling house as an inn, the said P. B. just before the time when the supposed trespass and assault and battery should have been committed, as in the declaration of the said P. B. mentioned, he the said P. B. was wrongfully and unjustly in the said dwelling occupied by the said J. S. as an inn, &c. making a great noise and disturbance therein, without the license or consent of the said J. S. for a long space of time, to wit, for the space of ten minutes, and until and at the said time, when the supposed trespass and assault and battery in the declaration of the said P. B. mentioned, and during the time aforesaid, then and there greatly disturbed the family and guests of the said J. S. by making a great noise and disturbance as aforesaid. Whereupon, the said J. S. at the said time, when, &c. requested, the said P. to cease his said noise and disturbance, or he would have to go and depart out and from the house, occupied as an inn by the said J. S.; which the said P. B. then and there refused to do, but continued his great noise and disturbance ; whereupon the said J. S. (being then occupier of the said house as an inn, in, &c.) gently laid his hands upon the said P. B. in order to remove him, the said P. B. from and out of his said house, as he lawfully might do for the cause aforesaid ; and which laying of hands by the said J. S. on the said P. B. in manner, and for the cause aforesaid, was the said supposed assault and battery by the said J. S. on the said P. B. mentioned to have been committed, &c. ; and this &c."

The plaintiff demurred specially for the following causes :—1st, that it does not appear whether the said J. appears and pleads by attorney or in person ; 2d, that the said plea contains no defence to the declaration of the said P.: 3d, that it contains no answer to the wounding complained of: 4th, that it is argumentative and not positive : 5th, that it does not show that no unnecessary force was made use of : and 6th, that it contains no denial of a breach of the peace. WRIGHT, for the plaintiff, cited as to the first causes of demurrer, 1st Chitty 413 and 530 ; as to the second, 1 Chitty 509 ; 1 Saund. 23, n. 2 ; as to the third,

JEFFERSON.
April, 1818.

Bebout
v.
Simmonds.

JEFFERSON.
April, 1818.

Bebout
v.
Simmonds.

2d Chitty 529, 524; 1 Chitty 310; 1 Saund. 296, n. 1; as to the fourth, 1 Chitty 518, 4 Bac. Abr. 97, and as to the fifth and sixth, 1st Chitty 235 and 642.—REDICK for the defendant.

PRESIDENT.—This plea is signed by the defendant's attorney, so that, taking the whole of it, it does appear that the defendant pleads by attorney; and although the usual form is, to state that the defendant, by A. B. his attorney, appears, defends, &c., in the beginning of the plea, yet I have heard no reason other than that of its necessity; and not perceiving any inconvenience likely to result from this mode of pleading, I should not sustain the demurrer on the first cause assigned. The second cause of demurrer is better founded; for a plea is defective that contains no defense, Com. Dig. Pleader, E. 27; and clearly bad on special demurrer, 1st Chitty 412, 413, 414. A defense is necessary in pleading, to apprize the plaintiff of what part of his complaint is confessed and what part denied; and formerly it was deemed so essential in pleading, " that if no defense were made, though the plea were in other respects sufficient, judgment was given against the defendant." 1 Chitty 412. The demurrer is also well taken for the third cause assigned; for every plea must answer the whole declaration or count, 1 Saund. 28, n. 3. Now here is no answer to the wounding complained of. Whether the defendant meant to protest that he had wounded the plaintiff or that he had not, is quite uncertain from his plea; and whatever might be the effect of a protestation, if well taken, this cannot pass for one—the wounding is a substantial part of the plaintiff's complaint, and not like matter of aggravation, which need not be answered—and the *mollitor manus imposuit* does not extend to and justify that. Com. Dig. Pleader, 3 M. 16. As to the fourth point; the demurrer should set forth wherein the plea is argumentative; for it is not sufficient to say, generally, that the plea is argumentative, more than that it is double, without pointing out in what particular parts it is so. Com. Dig. Pleader, Q. 9. As to the fifth; it is not necessary to aver that no unnecessary force was used; and indeed it seems, from this plea, that no force whatever was used; the defendant gently laid his hands on the plaintiff to remove him; and no more; so that, so that if such denial of excessive force would be necessary where any force was stated to have been used, it might be dispensed with in this case—the last objection to this plea is, that it contains no denial of a breach of the peace: to this it may be answered, that the plea confesses a breach of the peace, and attempts to justify it

a denial would, therefore, be improper. On the whole, therefore, the plea is a very imperfect one, and the demurrer must be sustained.

REDICK then moved for leave to amend his plea.

PRESIDENT—This is the second time we have had a demurrer to this plea; the first demurrer was sustained because the plea contained no answer to the wounding: the defendant moved the court for leave to amend; he had leave, upon payment of the cost of demurrer; and now, we have his amended plea, more defective than at first; still, however, we would allow him to amend, but on harder terms than at first. Amendment allowed, on the payment of full cost including a docket fee.